SCHNEIDER & DAVIS ET AL. v. T. B. CAMPBELL.

No. 25.

**Homestead Exemption — Place of Business — Double Calling.—** The Constitution exempts not only " a lot," but " lots," as a place to exercise the calling or business. of the head of a family, and does not restrict this calling or business to any single branch or department. Adjacent lots may be exempt as a place to carry on the hotel and livery business, if such be the business of the head of the family.

APPEAL from Hood. Tried below before Hon. C. K. BELL.

*Robertson & Coke,* for appellants.—One engaged in the hotel business is not entitled to an exemption of lots used for the purpose of carrying' on a partnership livery business. A mere intention to extend his hotel property to the lots in question will not avail. McDonald v. Campbell, 57 Texas, 614; Fort v. Powell, 59 Texas, 321; Shryock v. Latimer, 57 Texas, 674.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The record in this cause is submitted on conclusions of law and fact and a statement of facts filed in the court below. Only one question is raised, to-wit, Was the property in controversy the homestead of appellee at the date of appellants' levy ?

The conclusions of fact filed by the trial court are sustained by the statement of facts; we therefore adopt them as our conclusions of fact. We also concur in the conclusions of law deduced therefrom.

Appellee, the head of a family, established his home prior to the levy upon a portion of a block of land 200 feet square, in a village of about 200 inhabitants. The block was subdivided into lots, but without any streets or alleys separating them. Upon a portion of these lots was the residence of the family, which was also used as a hotel. Upon adjacent lots of the same block appellee, with one Martin as his partner, was engaged in keeping a livery stable, at which was kept his own horses and those of his hotel guests, and under an adjacent shelter his family buggy. He also had his cow lots and pig pens on the livery stable lots.

The principal contention of appellants seems to be, that the domestic use made of the livery stable lots was merely incidental; that the keeping

of a livery stable thereon was the principal use, and imposed on these lots a business rather than a residence character; and that as appellee was engaged in the hotel business he could not also claim the exemption of lots used in the livery business.

The Constitution exempts not only "a lot" but "lots" as a place to exercise the calling or business of the head of a family, and does not restrict this calling or business to any single branch or department. We perceive no reason why adjacent lots should not be exempt, under the Constitution, as a place to carry on the hotel and livery business, if such be the business of the head of the family. The cases cited by appellants seem to us not to be in conflict with the view here expressed.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered November 15, 1892.